## CIRCUIT COURT OF ARLINGTON COUNTY

Karr et al.

v.

Consolidated Analysis
Center, Inc., et al.

### July 24, 1973

### Case No. (Chancery) 23562

By JUDGE WILLIAM L. WINSTON

The issue to be decided here is whether the notice of the plaintiffs was a valid notice of the special meeting of the Board of Directors held on July 16, 1973. The Court concludes that it was not.

The plaintiffs were in Europe from mid-June, 1973, until the week-end preceding the Monday, July 16th meeting. This fact was well known to the defendants. During the European trip, the president of the corporation (one of the plaintiffs) maintained daily telephone contact with the corporate office. His itinerary was known to the defendants. Notwithstanding this a special meeting of the Board of Directors was called on July 13th and notice mailed to the plaintiffs at their addresses shown on the corporate records. On the Monday morning of the meeting, a few minutes prior thereto, the plaintiffs were given personal notice of the meeting. The meeting was called by the vice-president (one of the defendants) acting as president in the absence of the president. Prior to this time meetings of the directors had been held by conference telephone. The secretary testified that he had been advised that such meetings were not valid under the law of California.

The written notice under those circumstances was not a valid notice. It should be borne in mind that this notice was conceived and given according to the secretary's testimony on the last business day that the plaintiffs were out of the country. It came at the end of a month of telephone conversations where no mention was made of the meeting or any intention to call it. Although the technicality or formality relating to time was observed, the notice was given in such a manner and at such a time that it was designed to deny actual notice rather than to impart it. Nor was the personal notice given to the plaintiffs just prior to the meeting valid. It is not relied upon by the defendants.

The Court further finds that the president of the corporation was not absent in the sense that the parties had ever considered it to be "absent." Certainly he was not absent in the sense that the vice-president could seize upon it as an opportunity to take action so inimical to the interests of the person absent as that taken here.

The Court, having found that the special meeting of the Board of Directors held on July 16, 1973, was illegally constituted, declares that all action taken at that meeting or subsequently thereto as a result of the meeting are void and of no effect.

The Court further finds on the conflicting evidence presented on July 19, 1973, that the parties agreed to defer the regular meeting of the Board of Directors until August 21, 1973.

The Court will continue in effect the terms of the temporary restraining order of July 16, 1973, as modified by the order of July 17, 1973, until the further order of this Court.

The plaintiffs' motion for leave to file an amended Bill of Complaint is granted with the defendants to have twenty-one days thereafter to file responsive pleadings.